**THE MALONEY FIRM, APC**
PATRICK M. MALONEY - **State Bar No. 197844**
pmaloney@maloneyfirm.com
ASHLEY L. TATE - **State Bar No. 264378**
**atate@maloneyfirm.com**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
Telephone: (310) 540-1505
Facsimile:  (310) 540-1507

Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VLAZE MEDIA NETWORKS, INC. dba MINT DISTRIBUTION, a Nevada Corporation, and DOES 1 through 10, inclusive;<br><br>　　　　　Defendants. | **Case No.: 2:14-CV-00262**<br><br>**COMPLAINT BY SPECTRUM LABORATORIES, LLC FOR DAMAGES FOR:**<br><br>**1. UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. §§ 1114, 1125);**<br><br>**2. CYBERPIRACY UNDER THE LANHAM ACT (15 U.S.C. § 1125(d));**<br><br>**3. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.; AND**<br><br>**4. UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint against defendant Vlaze Media Networks, Inc. dba Mint Distribution ("Mint"), plaintiff Spectrum Laboratories, LLC ("Spectrum") alleges as follows:

## INTRODUCTION

1. Spectrum is the exclusive owner of the "QUICK FIX" and "URINE LUCK" trademarks (collectively, the "Spectrum Marks"), which Spectrum has used for over a decade in connection with Spectrum's popular QUICK FIX synthetic urine product.

2. Aware of Spectrum's success, Mint hatched an illegal business scheme to exploit the notoriety of the Spectrum Marks to enrich itself and its owners.

3. Specifically, Mint is capitalizing on the goodwill inherent in the Spectrum Marks by operating money-generating websites at domain names that include one or more of the Spectrum Marks without Spectrum's permission.

4. Through its unlawful use of the Spectrum Marks, both in the domain names and within the websites themselves, Mint is deceiving actual and potential customers into believing that Mint's websites are Spectrum websites and that all of the products offered there originate from Spectrum.

5. Mint's unlawful uses of the Spectrum Marks are infringing Spectrum's trademark rights, are causing Spectrum to lose sales, and are irreparably harming the goodwill that Spectrum has worked for years to build.

6. Spectrum therefore brings this action under the Lanham Act and state law to end Mint's unlawful activities.

## PARTIES, JURISDICTION AND VENUE

7. Spectrum Laboratories, LLC is an Ohio limited liability company with a principal place of business in Cincinnati, Ohio.

8. Vlaze Media Networks, Inc. is a Nevada corporation with, upon information and belief, a principal place of business in Los Angeles, California. Vlaze Media Networks, Inc. does business under the name "Mint Distribution."

9. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10, inclusive, ("Does") are

unknown to Spectrum, and therefore Spectrum sues these Does by such fictitious names. Spectrum is informed and believes and thereon alleges that each of said fictitiously named Does is in some manner responsible for the events and occurrences herein, and was an actual, proximate, and substantial cause of the injuries to Spectrum, as herein alleged. Spectrum will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.

10. This Court has subject matter jurisdiction over Spectrum's Lanham Act claims under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because they arise under federal law.

11. This Court has supplemental subject matter jurisdiction over Spectrum's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims that together the claims are part of the same case or controversy under Article III.

12. This Court has personal jurisdiction over Mint because, among other things, its principal place of business is in Los Angeles, California, and Mint is confusing California individuals and businesses, doing business in California, offering to sell goods in California to California individuals and businesses, (upon information and belief) supplying goods and services to California individuals or businesses, and causing harm in California to Spectrum.

13. Venue is proper under 28 U.S.C. § 1391 because Mint is subject to personal jurisdiction in this district under California law and, therefore, "resides" in the Central District of California according to federal law.

## CENTRAL ALLEGATIONS

**I.     The Spectrum Marks**

14. Since at least 2001, Spectrum has used the Spectrum Marks in connection with the sale and marketing of its popular Quick Fix synthetic urine product throughout the United States.

15. Since that time, Spectrum has invested time, energy, creativity, and money into perfecting the formula to Quick Fix and improving the brand image.

16. Spectrum's efforts have paid dividends as Quick Fix now has a reputation as the highest quality and most reliable synthetic urine product in the market.

17. Spectrum also has devoted substantial amounts of money and effort to promote, market, and provide its goods and services in association with the Spectrum Marks for many years.

18. Since 2001, Spectrum has generated millions of dollars in revenue from the sale of products incorporating the Spectrum Marks.

19. Spectrum owns and has the exclusive right to use the Spectrum Marks in connection with synthetic urine products (and related goods and services) by virtue of its development, investment in, creation, and use of the Spectrum Marks and the timing thereof.

20. Spectrum owns a U.S. trademark registration for its URINE LUCK mark (Reg. No. 3,334,957) and for its QUICK FIX , mark (Reg. No. 4,453,892).

21. Through its advertising, marketing, promotional efforts, and sales, Spectrum has enhanced the reputation of the Spectrum Marks, and it has caused the Spectrum Marks to grow in strength, value, and recognition to the point that the marketplace instantly associates the distinctive Spectrum Marks with Spectrum's synthetic urine products, its related goods, and their high quality.

**II.    Mint's Wrongful Acts**

22. Mint owns and operates several websites at domain names that include one or more of the Spectrum Marks, including (without limitation) passdrugtestwithquickfixurine.com; quicksyntheticurine.com; canadianquickfix.com; urineluckkit.com; and urinelucksyntheticurine.com (collectively, the "Infringing Domains").

23. Mint is the current registrant for each of the Infringing Domains.

24. The websites that Mint maintains at the Infringing Domains sell, offer to sell, and promote the sale of synthetic urine, detoxification, and novelty products supplied by Spectrum competitors.

25. The websites Mint maintains in connection with the Infringing Domains also promote a product called Magnum Detox, Novelty Synthetic Urine ("Magnum"). According to the website Mint maintains under the web address "magnumsyntheticurine.com," Mint is the manufacturer of Magnum, which is a product that competes with Spectrum's products:

> You'll be pleased to know that we are currently offering the brand new Magnum Synthetic Urine at wholesale prices. As a highly regarded supplier of the best Synthetic Urine, you truly will be receiving the best. **As you re [sic] purchasing direct from the manufacturer**, you'll not only get the best wholesale prices, but you'll also receive the best care and best level of service. Unlike other wholesale suppliers of Magnum Synthetic Urine, we do not just focus on the sale, but focus on the after sale care. Be rest assured [sic] that we are here for you and your business.

http://magnumsyntheticurine.com/wholesale-magnum-synthetic-urine (emphasis added).

26. Mint, under the name "musicplustv," has posted on the youtube.com website a video promoting a synthetic urine product sold under the trade name Magnum. That video has been posted by Mint in association with various internet domain names, including two of the Infringing Domains: canadianquickfixurine.com and quicksyntheticurine.com. Copies of Mint's video posted in association with two of the Infringing Domains can be found at the following web addresses: "http://www.youtube.com/watch?v=MsqZ0nu-KJw" and

"http://www.youtube.com/watch?v=4YLVfj7FJN4."

27. Mint, under the name Jonatha Halen, has posted on the youtube.com website, at the url "http://www.youtube.com/watch?v=rE-b9xTNLEg" a video which promotes the use of Spectrum's Quick Fix Plus product, again in connection with Mint's quicksyntheticurine.com web address.

28. Mint included the Spectrum Marks in the Infringing Domains and within its youtube.com video postings with full knowledge of Spectrum's use and ownership of the Spectrum Marks.

29. Mint has used the Spectrum Marks with the willful intent to confuse the marketplace, to trade on Spectrum's goodwill, and to divert business from Spectrum to itself.

30. Through its improper use of the Spectrum Marks, Mint has confused actual and potential customers, has diminished Spectrum's sales, has falsely and unfairly inflated the reputation and goodwill of Mint, has diminished the value and goodwill of the Spectrum Marks, and continues to do all of those things.

31. Spectrum has never given Mint permission to use the Spectrum Marks.

## COUNT ONE
## UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C. §§ 1114, 1125)
## (Against All Defendants)

32. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

33. The Spectrum Marks are valid and legally enforceable.

34. Spectrum owns the Spectrum Marks.

35. The Spectrum Marks are inherently distinct.

36. Through years of usage, the Spectrum Marks also have acquired

distinctiveness in the marketplace, such that those in the relevant channels of distribution readily associate each of the Spectrum Marks with Spectrum and its goods and services.

37. By using the Spectrum Marks to sell, offer to sell, and promote goods and services that do not originate from Spectrum, Mint has caused, and is likely to continue to cause, confusion in the minds of purchasers concerning the origin, source, sponsorship, approval, and association of Spectrum's goods and services and the non-Spectrum goods and services offered by Mint.

38. Mint's actions are trademark infringement under 15 U.S.C. §§ 1114 and 1125.

39. Mint's actions are unfair competition under 15 U.S.C. § 1125.

40. Upon information and belief, Mint has willfully infringed each of the Spectrum Marks and has willfully engaged in unfair competition.

41. Mint's trademark infringement and unfair competition have damaged Spectrum and caused it irreparable harm, which will continue unless Mint's unlawful conduct is enjoined by this Court.

## COUNT TWO
## CYBERPIRACY UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(d))
## (Against All Defendants)

42. Spectrum incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

43. Each of the Infringing Domains are confusingly similar to the Spectrum Marks.

44. Mint has registered and is using the Infringing Domains with a bad faith intent to profit from the Spectrum Marks.

45. As a direct and proximate result of Mint's unlawful registration and use of the Infringing Domains, Spectrum has been damaged in an amount to be

determined at trial.

46. As a direct and proximate result of Mint's unlawful registration and use of the Infringing Domains, Spectrum has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

## COUNT THREE
## VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, ET SEQ.
### (Against All Defendants)

47. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

48. Mint's unlawful activities are unfair competition under California law.

49. The statements in Mint's advertising are untrue or misleading.

50. Mint knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.

51. Mint's unfair competition has damaged Spectrum and caused it irreparable harm, which will continue unless Mint's unlawful conduct is enjoined by this Court.

## COUNT FOUR
## UNJUST ENRICHMENT
### (Against All Defendants)

52. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

53. Through its unlawful activities, Mint has obtained benefits, including sales, income and profits that rightfully belong to Spectrum.

54. Mint has not compensated Spectrum for the benefits that Mint wrongfully obtained, despite justice and equity requiring it to do so.

55. Mint has unjustly enriched itself by obtaining and retaining the ill-gotten benefits of its unlawful activities.

56. Mint's receipt and retention of the benefits of its unlawful activities is unjust enrichment.

57. Mint's unjust enrichment has damaged Spectrum and caused it irreparable harm, which will continue unless Mint's unlawful conduct is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum prays for judgment against Mint as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Statutory damages in an amount to be determined at trial;

C. An accounting and disgorgement of Mint's ill-gotten profits.

D. Punitive damages.

E. Attorneys' fees.

F. Pre-judgment and post-judgment interest.

G. Costs of the action.

H. Preliminary and permanent injunctive relief, barring Mint and others from: (i) using the Spectrum Marks or anything confusingly similar to them in any domain name, as a business name, or in any other manner that is likely to cause consumer confusion; and (ii) committing any of the other wrongful acts cited in this complaint.

I. An order forfeiting or cancelling each of the Infringing Domains or transferring them to Spectrum.

J. Such other and further relief as allowed at law or in equity that the Court deems to be appropriate and to which Spectrum is entitled.

Dated: January 11, 2014         **THE MALONEY FIRM, APC**

By: /s/ Patrick M. Maloney
_____
PATRICK M. MALONEY
ASHLEY L. TATE
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC.

**DEMAND FOR JURY TRIAL**

Spectrum Laboratories, LLC requests a trial by jury.

Dated: January 11, 2014                              **THE MALONEY FIRM, APC**

By: /s/ Patrick M. Maloney
_____
PATRICK M. MALONEY
ASHLEY L. TATE
Attorneys for Plaintiff
SPECTRUM LABORATORIES, LLC

THE MALONEY FIRM APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
(310) 540-1505

00106858.WPD

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF